UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MARC B. STOLTZ, an individual,

    Plaintiff,

vs.

COLLECTION TECHNOLOGY, INC.,
a California corporation,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Plaintiff, Marc B. Stoltz, an individual, sues Defendant, Collection Technology, Inc., a California corporation, and alleges:

### I. PRELIMINARY STATEMENT

1. This is an action brought pursuant to 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. The jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.

### III. ALLEGATIONS AS TO PARTIES

3. Plaintiff, Marc B. Stoltz ("Mr. Stoltz"), is *sui juris* and a resident of Palm Beach County, Florida.

4. Defendant, Collection Technology, Inc. ("CTI" or "Debt Collector"), is a California corporation, doing business in Palm Beach County, Florida.

5. Defendant is or was engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempted to collect consumer debts alleged to be due to another.

6. Defendant is a "debt collector" as said term is defined under the FDCPA, 15 U.S.C. §1692a(6).

7. Mr. Stoltz is a "consumer" as said term is defined under the FDCPA, 15 U.S.C. §1692a(3).

8. For an extended period of time, Defendant regularly collected or attempted to collect monies from consumers on defaulted student loans.

## IV. FACTUAL ALLEGATIONS

### A. INTRODUCTION

9. Several years prior to the filing of the instant action, Mr. Stoltz allegedly obtained a student loan for the purpose of attending a higher educational institution ("Stoltz Student Loan").

10. Commencing in December, 2013, CTI commenced collection efforts with respect to the Stoltz Student Loan.

### B. DESCRIPTION OF COLLECTION EFFORTS OF DEFENDANT

11. On or about December 23, 2013, CTI sent or caused to be sent to Mr. Stoltz written correspondence known more commonly in the collection industry as a "dunning letter" for the purpose of collecting monies purportedly due under the Stoltz Student Loan ("Initial

Collection Communication") to the U.S. Department of Education ("DOE").

12. A true and correct copy of the Initial Collection Communication is attached hereto and incorporated by reference as Exhibit "A."

13. Pursuant to the Initial Collection Communication, CTI stated:

> To avoid further collection activity, your student loan must be paid in full. If you cannot pay this amount in full, you may be eligible for other resolution options available according to federal regulations. **Contact us today** to discuss your options. We intend on using all collection activities authorized until this account is paid in full or other arrangements are made for repayment. Should you fail to pay this account in full or make arrangements for repayment, Collection Technology, Inc. will review your account and make recommendations to the U.S. Department of Education for the most effective collection method allowable under federal statute.
>
> (emphasis added by Plaintiff)

### C. DEFENDANT'S PRACTICES

14. It is or was the policy and practice of Defendant to send collection letters in the form of Exhibit "A" to consumers in a manner which was reasonably calculated to confuse or frustrate consumers with respect to advising consumers as to the right of consumers with respect to the validation of consumer debts under 15 U.S.C. §1692g.

### D. ALLEGATIONS OF LAW

15. At all times material hereto, Mr. Stoltz was a "consumer" as said term is defined under 15 U.S.C. §1692a(3).

16. At all times material hereto, the DOE was a "creditor" as said term is defined under 15 U.S.C. §1692a(4).

17. At all times material hereto, the Stoltz Student Loan was a "debt" as said term is defined under 15 U.S.C. §1692a(5).

18. At all times material hereto, Defendant was a "debt collector" as said term is defined under 15 U.S.C. §1692a(6).

19. 15 U.S.C. §1692g(a) provides, in pertinent part, the following:

<u>Notice of Debts; Contents</u>

Within five days after the initial communication from the consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer written notice containing:

(1) The amount of the debt;

(2) The name of the creditor to whom the debt is owed;

(3) A statement that unless the consumer, within thirty days after receiving the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) A statement that if the consumer notifies the debt collector in writing within the thirty day period, the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) A statement that upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

20. Defendant violated the requirements of 15 U.S.C. §1692g by directing Mr. Stoltz as a consumer to "contact us today" in a manner which overshadowed the statutory validation rights of the consumer and which would create confusion for the least sophisticated consumer about his rights in contravention of 15 U.S.C. §1692g(b).

21. As a result of Defendant's conduct, Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C. §1692k.

22. Plaintiff is entitled to an award of costs and attorneys fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff, Marc B. Stoltz, an individual, requests judgment be entered in his favor against Defendant, Collection Technology, Inc., a California corporation, for:

A. Statutory damages pursuant to 15 U.S.C. §1692k;

B. An award of costs and attorney's fees pursuant to 15 U.S.C. §1692k; and

C. Such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Marc B. Stoltz, pursuant to Rule 38(b), Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

_____
ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Telefax
Attorney for Plaintiff
Email: rphyu@aol.com

RETURN SERVICE REQUESTED

Show your social security number on your check
Return this portion with your payment

December 23, 2013

Current Creditor: U.S. Department of Education
Balance Due: $197986.57
Ti Number: 1017555104

Marc B Stoltz    43A1464607CTI
1964 Fox Ct
Wellington, FL 33414-6191

Send Payment To:
National Payment Center
U.S. Department of Education
P.O. Box 105028
Atlanta, GA 30348-5028

4  32010175551043  0000004950  00000596    4  32010175551043  0012232013

- - - - - - - - - - - - To Ensure Proper Credit Detach and Return With Full Payment to Creditor - - - - - - - - - - - -

This letter is notice that your delinquent account has been referred to Collection Technology Inc., a professional collection agency contracted by The U.S. Department of Education (ED).

The U.S. Department of Education informed you that unless satisfactory arrangements were made for the repayment of this account, it would be referred to a collection agency as authorized by 31 USC § 3718.

To avoid further collection activity, your student loan must be paid in full. If you cannot pay this account in full, you may be eligible for other resolution options available according to federal regulations. Contact us today to discuss your options. We intend on using all collection activities authorized until this account is paid in full or other arrangements are made for repayment. Should you fail to pay this account in full or make arrangements for repayment, Collection Technology Inc. will review your account and make recommendations to the U.S. Department of Education for the most effective collection method allowable under federal statute.

Remit your balance or payments to the address listed below:
National Payment Center
U.S. Department of Education
P.O. Box 105028
Atlanta, GA 30348-5028

ONLY mail correspondence and inquiries to this address and telephone number listed below:
CTI
P.O. Box 2036
Monterey Park, CA 91754
(800) 620-4284

**This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.**

If you do not dispute the validity of this debt or any portion thereof, within thirty (30) days after receiving this first letter, we will assume the debt is valid. If you dispute the validity of this debt, or any portion thereof, in writing, within the thirty (30) day period, we will obtain verification of the debt or a copy of a judgment and will mail a copy of such verification or judgment to you. At your request, in writing, within the thirty (30) day period, we will provide you with the name and address of the original creditor, if different from the current creditor. The demands for payment in this letter do not reduce your rights to dispute this debt, or any portion thereof, and/or to request verification within the thirty (30) day period as set forth above.

Federal law protects you from unfair debt collection practices. Complaints may be lodged with: the U.S. Department of Education, Atlanta Service Center, Atlanta Federal Center Tower, 61 Forsyth St., SW, RM 18T39-A, Atlanta, Georgia 30303.

****IMPORTANT INFORMATION ON THE BACK OF THIS NOTICE****

43A 004793P 1 952 000359 357 900008 S-CRE



EXHIBIT A

# ADDRESS CHANGE FORM

Please complete the below information to submit a change of address.

FIRST NAME:                                                      MI    LAST NAME:
☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐   ☐    ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

ADDRESS:
☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

CITY                                                        STATE    ZIP CODE
☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐   ☐☐    ☐☐☐☐☐ – ☐☐☐☐

You are required by federal laws to provide us with your correct address no later than 30 days after changing it. Failure to provide us with up to date contact information could result in fines added to your account up to $250,000.00. Any questions regarding change of address information and/or address change laws can be directed to CTi at 800-620-4284 or on the web at http://www.addresschangelaws.com. Please complete the above information and send it in with your payment to the below address:

National Payment Center
U.S Department of Education
P.O. Box 105028
Atlanta, GA 30348-5028

---

**Massachusetts Residents:**

NOTICE OF IMPORTANT RIGHTS

YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE COLLECTION AGENCY.

Massachusetts Office: 155 Federal Street, Suite 700 Boston, MA 02110 Hours 8:30 A.M. – 4:00 P.M.

Consumers should not send any payments to the Massachusetts office.

**New York City Residents:**

This collection agency is licensed by the New York City Department of Consumer Affairs, License Number 1024501.

**North Carolina Residents:**

North Carolina Department of Insurance Permit Number 100712 and 102899.

**Colorado Residents:**

FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA

This is a communication from a debt collector. This communication is an attempt to collect a debt. Any information obtained from this communication will be used for that purpose. Unless you notify us that you dispute the validity of this debt or any portion thereof, within 30 days after receipt of this letter, we shall assume this debt is valid. If you notify us, in writing, within the 30 day period, that you dispute this debt, or any portion thereof, we will obtain verification of this debt or judgment, if one exists, and will mail you a copy. Upon your written request, within the 30 day period, we will provide you with the name and address of the original creditor, if different from the current creditor. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

Local Office: 13111 E. Briarwood Ave. #340 Centenial, CO 80112    Local Phone: 303-309-3839

**Tennessee Residents:**

This collection agency is licensed by the Collection Service Board, State Department of Commerce and Insurance, 500 James Robertson Parkway, Nashville, Tennessee 37243.

**Minnesota Residents:**

THIS COLLECTION AGENCY IS LICENSED BY THE MINNESOTA DEPARTMENT OF COMMERCE.

**California Residents:**

The State Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act requires that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence of arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

CTi's Hours of operation: Monday-Thursday 7:00 AM to 6 PM (PST), Friday 6:00 AM to 4 PM (PST)

CTi's Street Address: 1200 Corporate Center Drive, Suite 325 Monterey Park, CA 91754